IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID E. HOSLER, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION |
| Plaintiff | : : | |
| vs. | : : | NO. 10-3966 |
| JELD-WEN, INC., | : : | |
| Defendant | : | |

# M E M O R A N D U M

**STENGEL, J.**                                        **September  30, 2011**

This is a proposed class action brought by David E. Hosler, on behalf of himself and other like consumers of the defendant's Low-E windows,[1] which Mr. Hosler alleges contain an undisclosed inherent defect.  The complaint alleges claims for breach of express warranty, common law fraud by omission, breach of implied warranty of merchantability, and in the alternative, unjust enrichment.  Mr. Hosler also seeks a declaration that the defendant's warranties are void, invalid, and not enforceable.  The defendant has filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, to strike various allegations in the complaint pursuant to Rule 12(f).  For the following reasons, I will grant the motion to

---

[1] "Low-E" is a window industry term for low-emittance.  The window's glass has been coated with a microscopically thin layer to reduce radiant heat flow.  The complaint alleges that the windows are manufactured in such a way that the Low-E glass leaves the factory with a concave shape resulting in reflective distortion.  Reflective distortion results in outdoor reviewed distortion, i.e., outside looking in distortion, and indoor illumination, i.e., mirror like reflection when inside looking out.  See Compl. ¶ 1.

dismiss, but will grant the plaintiff leave to file an amended complaint within twenty days of the date of this Memorandum and Order.

## I.    BACKGROUND[2]

The defendant designed, manufactured, marketed, advertised, distributed, and sold for use its low-emittance windows.  See Compl. at ¶¶ 1, 3, 16, 33, 41. The windows have been sold and installed in consumers' homes across the country.  Id. ¶ 22.  Specifically, the defendant's windows were sold and then installed in the plaintiff's newly constructed residential home in Lititz, Pennsylvania.  Id. ¶¶ 15-16.

The complaint alleges that in conjunction with each sale of the windows, and through the defendant's marketing, the defendant advertised and warranted that its windows were fit for the ordinary purpose for which such goods were used and free from defects in materials and workmanship.  Id. ¶¶ 33, 41.  This line of window is also specifically designed to reduce radiant heat flow.  Id. ¶ 1, n.1.

The complaint further alleges that rather than function in a standard way, the defendant's windows leave the factory containing a concave shape, resulting in reflective distortion.  Reflective distortion results in outdoor reviewed distortion and indoor illumination.  Id. ¶ 1.  Instead of reducing radiant heat flow, the reflective distortion of the windows focuses and amplifies its reflective light in a point, causing excessive radiant heat sufficient to melt the siding of neighboring structures.  Id.  The complaint contends

---

[2]  The facts are gleaned from the complaint and the extrinsic documents upon which it is based.  See GSC Partners, CDO Fund v. Washington, 368 F.3d 228, 236 (3d Cir. 2004). For the purposes of this motion, they are presented in the light most favorable to the plaintiff, as the non-moving party, and are accepted as true with all reasonable inferences drawn in his favor.

that the defendant had knowledge of the defect in the window, yet concealed that defect from homeowners.  The defendant also denied relief for the damages caused by the windows.  Id. ¶¶ 7, 41, 63.

In late July 2009, Mr. Hosler discovered the defective windows when he moved into his new home.  In January 2010, he noticed that the siding on a neighboring home appeared to be melting.  Id. ¶ 18.  He alleges that he contacted his home's contractor who requested repair and/or replacement of the windows from the defendant, but the defendant refused.  Mr. Hosler contends that, as a result of the defects, he has suffered damages in that he possesses products of significantly less value than he paid and endures aesthetic harm from the emission of excessive heat that detrimentally impacts the ambiance of his property.  Id. ¶ 7, 9(c).

## II.    STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure examines the legal sufficiency of a complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The factual allegations must be sufficient to make the claim for relief more than just speculative.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In determining whether to grant a motion to dismiss, a federal court must construe the complaint liberally, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff.  Id.; see also D.P. Enters. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

The Federal Rules of Civil Procedure do not require a plaintiff to plead in detail all of the facts upon which he bases his claim.  Conley, 355 U.S. at 47.  Rather, the Rules

require a "short and plain statement" of the claim that will give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  Id.  The "complaint must allege facts suggestive of [the proscribed] conduct."  Twombly, 550 U.S. at 564.  Neither "bald assertions" nor "vague and conclusory allegations" are accepted as true.  See Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995).  A complaint, however, "must satisfy . . . the simple requirements of Rule 8(a)."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 513 (2002).  Following the Supreme Court's decision in Twombly, Rule 8(a) now requires that the facts in a complaint plausibly suggest that the pleader is entitled to relief.  Accordingly, to state a claim, plaintiffs must state enough factual matter, taken as true, to suggest the required element, which does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

## III.    DISCUSSION

In its motion to dismiss, the defendant contends that the plaintiff lacks standing because he has not pled facts that show he has suffered an injury sufficient to confer standing.  I must agree.

Standing limits a plaintiff's ability to invoke the power of the federal courts.  In essence, the question of standing is whether the litigant is entitled to have the court

decide the merits of the dispute or of particular issues.  Warth v. Seldin, 422 U.S. 490,
498 (1975).  Because the standing requirement is derived from Article III of the
Constitution, it is a threshold inquiry in every case, one for which the party invoking
federal jurisdiction bears the burden of proof.  Lujan v. Defenders of Wildlife, 504 U.S.
555, 561 (1992).  To meet this burden, the party invoking federal jurisdiction must
establish the irreducible constitutional minimum of standing, which is composed of three
elements:  First, the plaintiff  must have suffered an injury-in-fact, that is, an invasion of
a legally protected interest which is (a) concrete and particularized and (b) actual or
imminent, not conjectural or hypothetical.  Second, there must be a causal connection
between the injury and the conduct complained of, that is, the injury has to be fairly
traceable to the challenged action of the defendant, and not the result of the independent
action of some third party not before the court.  Third, it must be likely, as opposed to
merely speculative, that the injury will be redressed by a favorable decision.  Id. at 560-
561.  The failure to establish any one of these elements deprives the court of jurisdiction.
Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-104 (1998).  Only one plaintiff
is required to establish standing for a claim to proceed.  Massachusetts v. EPA, 549 U.S.
497, 506 (2007).

The injury-in-fact requirement exists to ensure that litigants have a personal stake
in the litigation.  The Pitt News v. Fisher, 215 F.3d 354, 360 (3d Cir. 2000).  The
requirement is very generous, requiring only that the claimant allege some specific,
identifiable trifle of injury.  Danvers Motor Co, Inc. v. Ford Motor Co., 432 F.3d 286 (3d
Cir. 2005) (noting "While it is difficult to reduce injury-in-fact to a simple formula,

economic injury is one of its paradigmatic forms"); <u>see also</u> <u>Bowman v. Wilson</u>, 672 F.2d

1145, 1151 (3d Cir.1982); <u>United States v. Students Challenging Regulatory Agency</u>

<u>Procedures</u>, 412 U.S. 669, 689 n. 14 (1973) (an identifiable trifle is enough); <u>Gen.</u>

<u>Instrument Corp. v. Nu-Tek Electronics & Mfg., Inc.</u>, 197 F.3d 83, 87 (3d Cir.1999)

(same); <u>Pub. Interest Research Group of N.J., Inc. v. Powell Duffryn Terminals, Inc.</u>, 913

F.2d 64, 71 (3d Cir. 1990) (same).

 In resolving issues of standing, a court must accept as true all material allegations

of the complaint, and must construe the complaint in favor of the complaining party.

<u>Warth</u>, 422 U.S. at 501.

 In his response to the motion to dismiss, Mr. Hosler insists that he has suffered an

injury-in-fact by receiving windows containing an undisclosed defect, by possessing

devalued windows, and by incurring aesthetic harm from the windows' emission of a

laser-like radiant heat beam that melted his neighbors' siding.  He argues that this injury-

in-fact is far greater than the identifiable trifle required to confer standing.  Citing cases

from outside the jurisdiction of Pennsylvania, Mr. Hosler further argues that the defect

does not *cause* him injury, the defect *is* the injury.  <u>Quality Air Servs., LLC v. Milwaukee</u>

<u>Valve Co., Inc.</u>, 671 F. Supp. 2d 36, 45 (D.D.C. 2009) (quoting <u>Hicks v. Kaufman &</u>

<u>Broad Home Corp.</u>, 89 Cal. App. 4th 908, 922 (2001)).  Mr. Hosler further contends that

he is personally injured from the heat beam that melts his neighbors' siding, and that this

injury is ongoing.

 It is important to note, however, that the complaint does not allege that Mr. Hosler

has offered to replace his neighbor's siding or that his neighbor has even demanded that

he replace the siding.  Further, he suggests that class members be entitled to seek indemnity from the defendant even though he has never, based on the allegations of the complaint, incurred any costs that would entitle him to seek indemnity from the defendant.  Even accepting the complaint's allegations as true, as I must, they show that Mr. Hosler has no claim against the defendant for the alleged harm he claims class members have suffered or may suffer in the future.  If a class action were proper, then, Mr. Hosler has not shown that he has standing to assert such a claim, and he does not and cannot "fairly and adequately" represent such a class.

Actual or threatened injury is a precedent to recovery in federal court.  The Supreme Court of the United States has stated that an abstract injury is not enough for a plaintiff to state a claim recognized under the "case or controversy" requirement of Article III of the United States Constitution.  Los Angeles v. Lyons, 461 U.S. 95, 101 (1983).  A plaintiff must show that he "has sustained or is immediately in danger of sustaining some direct injury" as the result of the challenged conduct and the injury or threat of injury must be both "real and immediate," not conjectural or hypothetical.  Id. at 102.

Nothing in the complaint suggests that the windows are not operating or performing properly.  Further, there is no allegation that Mr. Hosler has undertaken to replace his windows at his own expense, or that he or his home has suffered any real or immediate harm because the allegedly defective windows remain in his home.  Mr. Hosler has not alleged either a demand or a threat of a demand that he pay for his neighbor's siding.  Thus, his purported "injury" is merely hypothetical.  Hypothetical

injuries are not sufficient to confer standing.  <u>Lujan</u>, 504 U.S. at 560-561.  Accordingly, I will grant the defendant's motion to dismiss the complaint in its entirety for lack of standing.

I will, however, grant Mr. Hosler leave to file an amended complaint which sufficiently demonstrates that he has suffered an "injury-in-fact" that is concrete, actual or imminent, not conjectural or hypothetical.  <u>Lujan</u>, 504 U.S. at 560-61.  He must also allege that the injury was caused by the alleged inherent defect in the windows.  <u>Id.</u>  Finally, the requested relief sought in the amended complaint must be able to redress the alleged injury.  <u>Id.</u>

An appropriate Order follows.